# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOE ZAMORA,

    **Plaintiff,**

vs.                                                                        No. CIV 01-1047 LCS

SOCORRO COUNTY BOARD OF COMMISSIONERS;
SHERIFF, FELIX SAAVEDRA, SOCORRO COUNTY;
N.M. HUMAN RIGHTS DIVISION; DEPT. OF LABOR,
STATE OF NEW MEXICO; DOROTHY APODACA,
JAIL ADMINISTRATOR,

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Defendants Human Rights Division, Department of labor, State of New Mexico (State Defendants) Motion to Dismiss (Doc. 6), filed October 2, 2001. The United States Magistrate Judge, having reviewed the Motion, Memorandum, pleadings, and relevant authorities, finds that this Motion is well-taken and recommends that it be **GRANTED**.

## PROPOSED FINDINGS

1.    On August 10, 2001, Plaintiff filed this action in the Seventh Judicial District, County of Socorro, State of New Mexico. On September 10, 2001, Defendants Socorro County Board of Commissioners, Felix Saavedra and Dorothy Apodaca (County Defendants) removed the case to federal Court pursuant to 28 U.S.C. § 1446. Plaintiff did not contest removal.

2.    On September 25, 2001, the State Defendants served their Motion to Dismiss, asserting that the Complaint fails to state a claim against them. The Motion was filed on October 2, 2001. Plaintiff has failed to file a response to this Motion.

3. The Local Rules of this Court provide that a response is due fourteen calendar days after service of a motion. *See* D.N.M.LR-Civ. 7.6 (a). As Defendant's Motion was served September 25, 2001, Plaintiff's response was due on October 9, 2001. To date, Plaintiff has failed to file a response.

4. The Local Rules also provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.5 (b). Plaintiff failed to respond to the State Defendants' Motion to Dismiss. Pursuant to Local Rule 7.5 (b), Plaintiff consented to this Motion by failing to file a response in opposition. Accordingly, the State Defendants' Motion to Dismiss should be granted pursuant to Local Rule 7.5(b).

5. In the alternative, the State Defendants' Motion to Dismiss should be granted on the merits. A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1336 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998).

6. The Court construes a pro se plaintiff's complaint liberally holding it to a less stringent standard than that used for pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Meade v. Grubbs*, 841 F. 2d 1512, 1526 (10th Cir.1988). In general, dismissal of a

*pro se* complaint is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile. *Whitney v. New Mexico*, 113 F. 3d 1170, 1173 (10th Cir.1997). At the same time, the Court may not act as the *pro se* litigant's advocate, *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir.1991), and must insure that the *pro se* party follows the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F. 2d 915, 917 (10th Cir.1992).

7. In this case, the Complaint alleges no factual basis for Plaintiff's claims against the State Defendants. Plaintiff alleges that he was a full-time employee of Socorro County entitled to county personnel system protections when his employment was wrongfully terminated on February 19, 2001. (Complaint ¶¶ 3-4.) Plaintiff asserts that his termination was in retaliation for the exercise of his free speech rights and for participating in Title VII, New Mexico Human Rights Act and constitutional claims of other county employees. (Complaint ¶ 4.) Plaintiff seeks damages under Title VII, the United States Civil Rights Act, and the New Mexico Human Rights Act. (Complaint ¶¶ 4-5.) Plaintiff states that he is appealing the decision of the Director of the New Mexico Human Rights Division, but states no factual basis for any irregularities or improprieties in connection with his administrative claim. (Complaint ¶ 6.)

8. The Complaint alleges no facts that could serve as the basis for a claim against the State Defendants. Accepting all the well-pleaded factual allegations of the complaint as true and viewing them in the light most favorable to Plaintiff, the Complaint is not legally sufficient to state a claim upon which relief may be granted against the State Defendants. Therefore, the State Defendants' Motion to Dismiss should be granted.

## RECOMMENDED DISPOSITION

I recommend that Defendants Human Rights Division, Department of labor, State of New Mexico (State Defendants) Motion to Dismiss (Doc. 6), filed October 2, 2001, be **GRANTED**. Plaintiff's Complaint as to the State Defendants should be dismissed. Plaintiff's claims against the County Defendants should not be dismissed at this time.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**